UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTHONY PAUL RODRIGUEZ,

                Petitioner,                    Case No. 1:11-cv-549

v.                                        Honorable Robert Holmes Bell

MARY BERGHUIS,

                Respondent.
_____/


## OPINION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Anthony Paul Rodriguez presently is incarcerated at the Bellamy Creek Correctional Facility.  Following a jury trial in the Grand Traverse County Circuit Court, Petitioner was convicted of unarmed robbery, MICH. COMP. LAWS § 750.530.  On July 3, 2008, he was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to a prison term of 19 to 40 years.

Petitioner appealed his conviction to both the Michigan Court of Appeals and the Michigan Supreme Court.   On appeal, he raised two claims: (1) ineffective assistance of trial counsel for failing to properly convey an offer from the prosecutor in sufficient time for Petitioner to consider and accept it; and (2) sentence scoring errors.   In an unpublished opinion issued September 29, 2009, the court of appeals affirmed the conviction.  The supreme court denied leave to appeal on February 26, 2010.

On or about May 23, 2011,[1] four days before the expiration of his habeas statute of limitations, Petitioner filed the instant habeas application.  In his application, Petitioner raises the first ground presented to and rejected by the Michigan appellate courts:  ineffective assistance of trial counsel.  In addition, he argues for the first time that appellate counsel rendered ineffective assistance when counsel failed to seek remand for an evidentiary hearing on the effectiveness of trial counsel.  In an opinion and order issued July 15, 2011, this Court concluded that the claim of

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his application on May 23, 2011, and it was received by the Court on May 26, 2011.  Thus, it must have been handed to prison officials for mailing at some time between May 23 and 26.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

ineffective assistance of appellate counsel was unexhausted.  However, because Petitioner's habeas

statute of limitations had expired, the Court did not dismiss the petition for lack of exhaustion.

Instead, the Court ordered that, if Petitioner wished to pursue his ineffective-assistance-of-appellate-

counsel claim, he should show cause within 28 days of the order why he should be entitled to a stay

of his habeas proceedings.  (7/15/11 Op. & Ord., docket #4, Page ID ##43-45.)  The Court advised

Petitioner that, should he fail to comply with the order to show cause, the Court would review only

his exhausted claim.  (*Id.*)  Because Petitioner has failed to comply with the order to show cause, the

Court will review only Petitioner's claim that trial counsel was ineffective in failing to present the

plea offer to Petitioner in a timely fashion.

### Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB.

L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The

AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect

to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  An application for

writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot

be granted with respect to any claim that was adjudicated on the merits in state court unless the

adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established federal law as determined by the Supreme Court of the United

States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts

in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).  The AEDPA

requires heightened respect for state factual findings.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir.

1998).  A determination of a factual issue made by a state court is presumed to be correct, and the

petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Petitioner argues that trial counsel was constitutionally ineffective in failing to convey a plea offer within a reasonable period of time. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

The two-part *Strickland* test applies to challenges to the effectiveness of counsel in the handling of guilty pleas and plea offers. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In such cases, the court applies the same standard articulated in *Strickland* for determining whether counsel's performance fell below an objective standard of reasonableness. *Id.* In analyzing the prejudice prong in the context of a guilty plea or failure to present a plea offer, the focus is on whether counsel's deficient performance affected how the defendant would have elected to plead. *See Leatherman v. Palmer*, 387 F. App'x 533, 535-36 (6th Cir. 2010); *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003) (citing *Hill*, 474 U.S. at 58-59).

Applying the *Strickland* standard, the Michigan Court of Appeals comprehensively addressed the issue:

> Defendant asserts that his trial attorney failed to convey a plea offer to him in a timely manner, having mailed the offer to defendant's previous place of incarceration. The resulting delay, defendant argues, prevented him from being able to meaningfully consider the plea offer before trial. Defendant further points out that, in the early stages of trial, defense counsel indicated that a plea offer discussed that morning was "more favorable" than one defendant had rejected at the final conference, and argues that this shows he was prejudiced in the matter, having received a longer minimum sentence after trial than he would have received under the plea agreement. We find these arguments unpersuasive.
>
> Failure of counsel to convey a plea offer may constitute ineffective assistance of counsel. *People v Williams*, 171 Mich App 234, 241; 429 NW2d 649 (1988). However, defendant cites no authority for the proposition that defense counsel's conveyance of a plea offer on the morning of the trial date constitutes deficient performance. Further, defendant in his brief on appeal suggests that he may in fact have received the plea offer as much as two days earlier. The prosecuting attorney and trial court both showed a willingness to engage in plea negotiations on the morning of trial. The court asked defendant what he wanted to do, while the prosecuting attorney gave no indication the offer was withdrawn. It was defendant's own obstinacy in shaking his head and stating that his attorney could do "whatever he wants to do," not some action by defense counsel, that led the court to conclude that defendant was not interested in pursuing that option. Defendant's attempt to characterize his actions before the trial court as indicative of his frustration with

counsel, rather than of his unwillingness to take seriously his opportunity to accept a plea bargain, is imaginative but not persuasive.

"[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland v Washington*, 466 US 668, 690; 104 S Ct 712; 169 L Ed 2d 675 (1984).  In this case, the record suggests that defendant, at a minimum, received notice of the plea offer on the morning of trial, and that defense counsel tried in vain to discuss the matter with him.  This does not bring to light performance so deficient as to be objectively unreasonable.

Further, even if defendant had shown that the plea offer had not been conveyed with sufficient time to allow him properly to consider it, the record does not support a finding that defendant was prejudiced by any such failure on defense counsel's part.  To show prejudice, a defendant must prove by the preponderance of the evidence that he would have accepted the plea offer. *See Williams*, *supra* at 242. Defendant asserts that the offer at the final conference, which he rejected, was to plead guilty to unarmed robbery in exchange for the dropping of his habitual offender status, which would have reduced his minimum term of imprisonment from 228 months to 114 months.  Then, just before trial, defendant refused to respond meaningfully to entreaties to consider a "more favorable" plea offer.  Once trial was underway, defendant gave indications that he might like to accept the deal after all. Defendant argues that his delayed attempt to take advantage of the offer showed his willingness to accept it.  However, in light of the evidence that defendant did not accept a plea offer at the final conference, which would have reduced his minimum sentence by half, and then showed no interest in engaging in meaningful plea negotiations before trial, we can hardly conclude that defendant has shown he would have accepted the prosecutor's final offer before trial even if he had had more time to consider it.

That defendant may have felt some remorse at letting that opportunity slip away does not mean that his defense attorney was ineffective. "The ultimate decision to plead guilty is the defendant's, and a lawyer must abide by that decision." *People v Effinger*, 212 Mich App 67, 71; 536 NW2d 809 (1995). The prosecution has the right to withdraw any tentative plea offers absent performance by defendant or prejudicial reliance by defendant on that offer. *People v Heiler*, 79 Mich App 714, 719; 262 NW2d 890 (1977).  Neither the Michigan Supreme Court nor the United States Supreme Court has recognized a right of parties to a criminal prosecution to engage in plea bargaining. *People v Payne*, __ Mich App ___; ___ NW2d ____ (Docket No. 280260, issued July 28, 2009), slip op p 5.

For the above reasons, defendant has failed to show that trial counsel's conduct fell below an objective standard of reasonableness, or that he was prejudiced

by counsel's conduct.  See *Rockey*, *supra* at 76. We accordingly reject this claim of error.

(9/29/09 Mich. Ct. App. Op. (MCOA Op.), docket #1-1, Page ID##2-3.)

As the Supreme Court recently has observed, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential.  *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citing *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009)); *Premo v. Moore*, 131 S. Ct. 733, 740 (2011).  In those circumstances, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Id.*

The state court's findings of fact and application of the *Strickland* standard are patently reasonable.  As the state court noted, no authority exists for finding that an attorney's delay in conveying a plea offer until the final pretrial on the morning of trial amounts to deficient performance.  The court of appeals specifically found – and Petitioner does not dispute – that the plea offer remained open and that the trial court and the prosecutor both were prepared to engage in plea negotiations at that time.  Further, as Petitioner himself acknowledges, defense counsel did not wait until the morning of trial to present the offer.  (*See* Pet., Page ID#23.)  Instead, according to the petition, counsel mailed a letter containing the offer on May 5, 2008, eight days before trial was scheduled to begin.  (*Id.*)  And, as the state court observed, Petitioner's own brief suggests that he received the offer prior to the morning of trial, even though the letter originally was sent to the wrong prison address.  (*Id.*)  For both reasons, Petitioner wholly fails to demonstrate that the state court unreasonably applied *Strickland* in concluding that counsel's performance did not fall below an objective standard of reasonableness.

In addition, the state court's determination of the prejudice prong of *Strickland* was entirely reasonable. The state court expressly found that Petitioner's conduct on the morning of trial did not support his contention that he would have accepted the plea had it been presented. The appellate court found that, in response to a plea offer that would have reduced his minimum sentence by half, Petitioner and ignored entreaties by counsel to consider the offer and obstinately shook his head, stating that his attorney could do "whatever he wants to do." Petitioner does not seriously contest the court's factual finding. He merely states that his response was caused by his frustration with his attorney, not his intention to reject the plea. Yet the state court rejected this precise argument, and Petitioner has failed entirely rebut the state court's factual finding by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Finally, Plaintiff renews the argument rejected by the state courts that his attempt to take the plea once the trial was underway provides evidence that Petitioner would have accepted the plea offer if he had been informed of it at an earlier time. Petitioner's argument was wholly unpersuasive to the state court and is equally unpersuasive here. Evidence of Petitioner's subsequent second thoughts after trial began are irrelevant to his intent to plead guilty at the time the plea was offered. For all these reasons, Petitioner fails to demonstrate that the state court's factual findings were clearly erroneous or that the court's determination of the prejudice prong of *Strickland* constituted an unreasonable application of established Supreme Court precedent.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: <u>September 23, 2011</u>                    /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE